**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____ Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Silarx Pharmaceuticals, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Lannett Company** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 22-2631798 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1150 Northbrook Drive**<br>Number          Street | Number          Street |
| **Suite 155** | P.O. Box |
| **Trevose**          **PA**     **19053**<br>City          State     Zip Code | City          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Bucks County**<br>County | **1033 Stoneleigh Avenue**<br>Number          Street |
| | **Carmel**          **NY**     **10512**<br>City          State     Zip Code |

5. **Debtor's website** (URL)     **https://www.lannett.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **Silarx Pharmaceuticals, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3254 - Pharmaceutical and Medicine Manufacturing**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | | When | MM/DD/YYYY | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | MM/DD/YYYY | Case number | |

Debtor    **Silarx Pharmaceuticals, Inc.**                                Case number *(if known)* _____
_____ Name _____

| | | |
|---|---|---|
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No ☒ Yes. | |

List all cases. If more than 1, attach a separate list.

Debtor    **See Rider 1**                    Relationship    **Affiliate**

District    **District of Delaware**

When    **05/02/2023**
MM / DD / YYYY

Case number, if known    _____

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**  _____
Number        Street

_____
City                        State    Zip Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency    _____
Contact name    _____
Phone    _____

---

| **Statistical and administrative information** |
|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☒ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor    **Silarx Pharmaceuticals, Inc.**                          Case number *(if known)* _____
Name

| 15. Estimated assets (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __05/02/2023__
MM/ DD / YYYY

✗    _/s/ Timothy C. Crew_                          Timothy C. Crew
Signature of authorized representative of debtor       Printed name

Title    __Authorized Signatory__

**18. Signature of attorney**

✗    _/s/ Howard A. Cohen_        Date    __05/02/2023__
Signature of attorney for debtor            MM/DD/YYYY

**Howard A. Cohen**
Printed name

**Fox Rothschild LLP**
Firm name

**919 North Market Street, Suite 300**
Number              Street

**Wilmington**                          **Delaware**        **19899**
City                                State        ZIP Code

**(302) 654-7444**                          **hcohen@foxrothschild.com**
Contact phone                          Email address

**4082**                          **Delaware**
Bar number                          State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____    Chapter ___11___

'

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Lannett Company, Inc.

Lannett Company, Inc.
Cody Laboratories, Inc.
Kremers Urban Pharmaceuticals Inc.
Silarx Pharmaceuticals, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SILARX PHARMACEUTICALS, INC., | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Lannett Company, Inc. | 1150 Northbrook Drive, Suite 155 Trevose, PA 19053 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SILARX PHARMACEUTICALS, INC., | ) | Case No. 23-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Lannett Company, Inc. | 100% |

| Debtor name | Lannett Company, Inc., et al. |
| --- | --- |

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

Case No. (If known) _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1   Wilmington Trust, NA 50 S 6th St, Ste 1290 Minneapolis, MN 55402 | Wilmington Trust, NA Tel: 612-217-5693 Email: TMorris@wilmingtontrust.com; NHakel@wilmingtontrust.com | Convertible Notes | | $0.00 | $0.00 | $86,250,000.00 |
| 2   IBSA Institut Biochimique SA Via Del Piano 29 Pambio Noranco, 6915 Switzerland | IBSA Institut Biochimique SA Tel: 41 58 360 1000 Email: CRISTINA.ZANGIROLAMI@IBSA.CH | Trade | | $0.00 | $0.00 | $1,750,720.00 |
| 3   Johnson Matthey Pharmaceutical Mate 2003 Nolte Dr W Deptford, NJ 08066 | Johnson Matthey Pharmaceutical Mate Tel: 856-537-6343 Fax: 856-384-7276 Email: API-WDP-PHARM_AP@VERANOVA.COM | Trade | | $0.00 | $0.00 | $1,631,449.20 |
| 4   Adare Pharmaceuticals Inc 845 Center Dr Vandalia, OH 45377 | Adare Pharmaceuticals Inc Tel: 937-898-9669 Fax: 937-264-2654 Email: KARLA.BETHEL@ADAREPHARMA.COM | Trade | | $0.00 | $0.00 | $1,024,947.24 |
| 5   Archimica SPA Viale Milano 86 Lodi, 26900 Italy | Archimica SPA Tel: 39 0371 49021 Fax: 39 0371 71793 Email: Elena.DiBiase@archimica.com | Trade | | $0.00 | $0.00 | $684,350.52 |

Debtor name  **Lannett Company, Inc., et al.** _____    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  Trirx Pharmaceutical Services LLC<br>120 Vintage Dr<br>Huntsville, AL 35811 | Trirx Pharmaceutical Services LLC<br>Tel: 256-529-4013<br>Email: TriRxHuntsvilleAR@trirx.com | Trade | | $0.00 | $0.00 | $602,253.36 |
| 7  Neolpharma Inc<br>Jardines St, Apt 99<br>Caguas, PR 00725 | Neolpharma Inc<br>Tel: 787-286-4090<br>Fax: 787-286-4301<br>Email: marco.monrouzeau@neolpharma.com | Trade | | $0.00 | $0.00 | $551,527.16 |
| 8  Chartwell Pharmaceuticals LLC<br>77 Brenner Dr<br>Congers, NY 10920 | Chartwell Pharmaceuticals LLC<br>Tel: 845-268-5000 ext 513<br>Email: JG@CHARTWELLPHARMA.COM | Trade | | $0.00 | $0.00 | $429,325.45 |
| 9  Elite Laboratories Inc<br>165 Ludlow Ave<br>Northvale, NJ 07647 | Elite Laboratories Inc<br>Tel: 201-367-7855<br>Fax: 201-750-2755<br>Email: JWEISS@ELITEPHARMA.COM | Trade | | $0.00 | $0.00 | $346,259.76 |
| 10  Novitium Pharma LLC<br>70 Lake Dr<br>E Windsor, NJ 08520 | Novitium Pharma LLC<br>Tel: 609-632-2768<br>Email: isac.iype@anipharmaceuticals.com | Trade | | $0.00 | $0.00 | $265,650.00 |
| 11  Berlin Packaging LLC<br>P.O. Box 74007164<br>Chicago, IL 60674-7164 | Berlin Packaging LLC<br>Tel: 312-869-7574<br>Fax: 312-610-5859<br>Email: PAYMENT@BERLINPACKAGING.COM | Trade | | $0.00 | $0.00 | $259,799.21 |

Debtor name  **Lannett Company, Inc., et al.**                      Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12  Continental Resources, Inc<br>P.O. Box 4196<br>Boston, MA 02211 | Continental Resources, Inc<br>Tel: 856-303-3945<br>Email: REMIT@CONRES.COM | Trade | | $0.00 | $0.00 | $231,918.95 |
| 13  Pharmaceutics International Inc<br>10819 Gilroy Rd<br>Hunt Valley, MD 21031 | Pharmaceutics International Inc<br>Tel: 410-584-0001<br>Fax: 410-527-0526<br>Email: ACCOUNTSRECEIVABLE@PHARM-INT.COM | Trade | | $0.00 | $0.00 | $221,424.00 |
| 14  HEC Pharm USA Inc<br>1150 Northbrook Dr, Ste 155<br>Trevose, PA 19053 | HEC Pharm USA Inc<br>Tel: 408-580-6016<br>Email: KONGWEIHENG@HEC.CN | Trade | | $0.00 | $0.00 | $187,660.50 |
| 15  Winpak Control Group Inc<br>500 Walnut St<br>Norwood, NJ 07648 | Winpak Control Group Inc<br>Tel: 201-784-8721<br>Fax: 201-784-1527<br>Email: Christopher.Raimo@winpak.com | Trade | | $0.00 | $0.00 | $176,050.48 |
| 16  Halo Pharmaceutical Canada Inc<br>17800 Rue Lapointe<br>Mirabel, QC J7J 1P3<br>Canada | Halo Pharmaceutical Canada Inc<br>Tel: 450-433-7673<br>Fax: 450-979-6350<br>Email: Diane.Renaud@cambrex.com | Trade | | $0.00 | $0.00 | $166,791.83 |
| 17  Duke Energy<br>P.O. B0x 9001076<br>Louisville, KY 40290-1076 | Duke Energy<br>Email: clay.fritz@duke-energy.com | Utilities | | $0.00 | $0.00 | $159,778.19 |
| 18  Capsugel Holdings US Inc<br>535 N Emerald Rd<br>Greenwood, SC 29646 | Capsugel Holdings US Inc<br>Tel: 201-249-8666<br>Email: ssc.paymentinfo.na@lonza.com | Trade | | $0.00 | $0.00 | $148,760.09 |

Debtor name   **Lannett Company, Inc., et al.**                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19  Webster West Inc<br>P.O. Box 641071<br>Cincinnati, OH 45264-1071 | Webster West Inc<br>Tel: 812-346-5666<br>Email: payables@websterwest.com | Trade | | $0.00 | $0.00 | $148,676.85 |
| 20  Colorcon Inc<br>P.O. Box 8500, S-2685<br>Philadelphia, PA 19178 | Colorcon Inc<br>Email: CCAmericasAR@colorcon.com | Trade | | $0.00 | $0.00 | $145,566.25 |
| 21  Agro-Bio SAS<br>2 Allee De La Chavannerie<br>La Ferte St Aubin, 45240<br>France | Agro-Bio SAS<br>Tel: 33(0)6 23 65<br>Fax: 33(0)2 38 64 83 59<br>Email: MINHPHUONG.MICHEL@AGRO-BIO.COM | Trade | | $0.00 | $0.00 | $144,907.89 |
| 22  Healthcare Packaging US Inc<br>101 Christine Dr<br>Belen, NM 87002 | Healthcare Packaging US Inc<br>Tel: 855-628-1601<br>Email: AR_US@AIRNOV-HEALTHCARE.COM | Trade | | $0.00 | $0.00 | $102,041.45 |
| 23  Health Holdings LLC<br>2060 1st Ave<br>Seymour, IN 47274 | Health Holdings LLC<br>Tel: 812-522-2224 ext 229<br>Fax: 812-522-6264<br>Email: DVONDIELINGEN@KOCOLENE.COM | Landlord | | $0.00 | $0.00 | $81,266.68 |
| 24  1150 Northbrook LLC<br>1530 Wilson Blvd, Ste 200<br>Arlington, PA 22209 | 1150 Northbrook LLC<br>Tel: 732-925-2824<br>Fax: 703-525-5862<br>Email: AKLINE@LPC.COM | Landlord | | $0.00 | $0.00 | $81,135.12 |
| 25  Qualicaps Inc<br>P.O. Box 75191<br>Charlotte, NC 28275-5191 | Qualicaps Inc<br>Tel: 336-260-6324<br>Email: myeoman@qualicaps.com | Trade | | $0.00 | $0.00 | $79,874.00 |

Debtor name **Lannett Company, Inc., et al.**                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26  Univar Solutions USA Inc 7425 E 30th St Indianapolis, IN 46219 | Univar Solutions USA Inc Tel: 317-547-4811 Fax: 317-546-8054 Email: cashapps@univarsolutions.com | Trade | | $0.00 | $0.00 | $78,462.24 |
| 27  Azelis US Holding Inc 154 Pioneer Dr Leominster, MA 01453 | Azelis US Holding Inc Tel: 978-840-2959 Email: arremit.marcor@azelisamericas.com | Trade | | $0.00 | $0.00 | $76,826.91 |
| 28  MG America Inc 31 Kulick Rd Fairfield, NJ 07004 | MG America Inc Tel: 973-808-8185 Fax: 973-808-8421 Email: NADAMO@MGAMERICA.COM | Trade | | $0.00 | $0.00 | $73,329.74 |
| 29  Unither US Corp 755 Jefferson Rd Rochester, NY 14623 | Unither US Corp Tel: 585-274-5423 Email: PATRICK.BROWN@UNITHER-PHARMA.COM | Trade | | $0.00 | $0.00 | $72,290.20 |
| 30  Cognizant Technology Solutions 24721 Network Pl Chicago, IL 60673-1247 | Cognizant Technology Solutions Tel: 969-691-7700 Email: TEAMRECEIVABLES@COGNIZANT.COM; AR_US@AIRNOV-HEALTHCARE.COM | Trade | | $0.00 | $0.00 | $64,313.00 |

## OMNIBUS WRITTEN CONSENT

### Dated as of May 2, 2023

After due deliberation, the board of directors (collectively, the "Board") of each of the companies listed on **Schedule 1** attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions (the "Resolutions") by unanimous written consent as of the date written above, pursuant to the certificate of incorporation and bylaws of each Company and the applicable laws of the jurisdiction in which such Company is organized:

### RESOLUTIONS

**Chapter 11 Filing**

WHEREAS, the Board has reviewed and considered the following:

(1)    the presentations by the Companies' management and legal and financial advisors regarding the Companies' current situation, liabilities and liquidity, business plan, and strategic alternatives available, and the Board has considered the impact of the foregoing on each Company's business;

(2)    the restructuring support agreement (including all attachments thereto), dated as of April 30, 2023, which the Board had previously reviewed and approved (the "Restructuring Support Agreement," and the transactions contemplated thereby, collectively, the "Restructuring Transactions");

(3)    the information and advice previously provided to and reviewed by the Board; and

(4)    the related matters reported on at meetings of the Board on and before the date hereof; and

WHEREAS, the Restructuring Support Agreement provides that the Restructuring Transactions are to be implemented by each Company filing a voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and pursuing confirmation and consummation of the *Joint Prepackaged Chapter 11 Plan of Reorganization of Lannett Company, Inc. and Its Debtor Affiliates* (as amended, supplemented, or modified from time to time, and including all supplements and exhibits thereto, the "Plan");

WHEREAS, the Board has had the opportunity to consult with the Companies' management and the legal and financial advisors of the Companies and to fully consider each of the strategic alternatives available to the Companies; and

WHEREAS, the Board has determined, in its business judgment, that it is desirable and in the best interests of each Company and its respective stakeholders that each Company implement the Restructuring Transactions by (1) filing, or causing the filing of, a voluntary petition under chapter 11 of the Bankruptcy Code and consummating the Plan, and (2) filing, or causing the

filing of, any other petition for relief or recognition or other motion or order that may be desirable under applicable law in the United States; and that such implementation will maximize the value of each Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the business judgment of the Board, it is desirable and in the best interests of each Company and its respective stakeholders for each Company to implement the Restructuring Transactions by (1) filing, or causing the filing of, a voluntary case under chapter 11 of the Bankruptcy Code (a "Chapter 11 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and consummating the Plan; and (2) filing, or causing the filing of, any other petition for relief or recognition or other motion or order that may be desirable under applicable law in the United States;

RESOLVED FURTHER, that each of the following is hereby authorized and approved in all respects with respect to each Company: (1) filing, or causing to be filed, a Chapter 11 Case under the Bankruptcy Code in the Bankruptcy Court; (2) pursuing confirmation and consummation of the Plan and completing the same; and (3) filing, or causing to be filed, any other petition for relief or recognition or other motion or order that may be desirable under applicable law in the United States; and

RESOLVED FURTHER, that the Chief Executive Officer, the Chief Financial Officer, the Chief Commercial Operations Officer, any Vice President, or any other duly appointed officer of the Companies as deemed necessary and appropriate (collectively, the "Authorized Signatories"), with power of delegation, are each hereby authorized to execute and file on behalf of all Companies all petitions, schedules, lists, and other motions, papers, or documents (including the Plan), and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business.

**Retention of Professionals**

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland") as general bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized and directed to employ the law firm of Fox Rothschild LLP ("Fox Rothschild") as local bankruptcy counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each

Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Fox Rothschild;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm FTI Consulting, Inc. ("FTI") as financial advisor to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm Guggenheim Securities, Inc. ("Guggenheim") as investment banker to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Guggenheim;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized and directed to employ the firm of Omni Agent Solutions ("Omni") as notice and claims agent to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Omni;

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, authorized and directed to employ any other professionals (including a tax advisor, as needed) to assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and obligations, including filing any motions, objections, replies, applications, or other papers; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED FURTHER, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Signatory deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

**Cash Collateral and Adequate Protection**

WHEREAS, reference is made to that certain First Lien Indenture, dated as of April 22, 2021, as amended, restated, or modified from time to time among Lannett Company, Inc., as borrower, the lenders from time to time party thereto, and Wilmington Trust, National Association, as trustee (as amended, amended and restated, or otherwise modified from time to time, the "First Lien Indenture"); and

WHEREAS, reference is made to that certain Second Lien Credit and Guaranty Agreement, dated as of April 22, 2021, by and among the Companies, the lenders from time to time party thereto, and Alter Domus (US) LLC, as administrative agent and collateral agent, (as amended, amended and restated, or otherwise modified from time to time, the "Second Lien Term Loan Agreement," and together with the First Lien Indenture, the "Prepetition Financing Documents").

NOW, THEREFORE, BE IT,

RESOLVED FURTHER, that in the business judgment of the Board, each Company will benefit from using collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), that is security for the holders of Company obligations (such holders, the "Secured Parties") under the First Lien Indenture and the Second Lien Term Loan Agreement;

RESOLVED FURTHER, that for each Company to use and benefit from using the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company that is an obligor under the Prepetition Financing Documents will provide certain liens, claims, and other entitlements to the Secured Parties (collectively, the "Adequate Protection Obligations"), as documented in proposed orders (the "Cash Collateral Orders") to be submitted to the Bankruptcy Court for approval;

RESOLVED FURTHER, that the form, terms, and provisions of the Cash Collateral Orders to which each Company shall be subject, and the actions and transactions contemplated thereby, are authorized and approved in all respects; and each Authorized Signatory is authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Orders; and

RESOLVED FURTHER, that each Company, as a debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations, including granting liens on its assets to secure claims that constitute Adequate Protection Obligations.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates),

4

any one of whom may act without the joinder of any of the others, are hereby individually authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any and all such other and further action including, but not limited to, (i) the seeking, preparation and negotiation of such additional agreements, amendments, supplements, modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the seeking, preparation and negotiation of such changes and additions to any agreements, amendments, supplements, other modifications, consents, waivers, reports, documents, instruments, applications, notes or certificates currently existing, (iii) the execution, acknowledgement, delivery, performance and filing (if applicable) of any of the foregoing and (iv) the payment of all fees, consent payments, taxes, indemnities and other expenses, in each case as in such officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Signatory deemed the same to be so necessary, convenient, appropriate, desirable or advisable; and that all such actions, executions, deliveries, filings and payments taken or made at any time in connection with the transactions contemplated by the foregoing Resolutions hereby are approved, adopted, ratified and confirmed in all respects as the acts and deeds of such Company, respectively, as if specifically set out in these Resolutions;

RESOLVED FURTHER, that the Board hereby adopts and incorporates by reference any form of specific resolution to carry into effect the intent and purpose of the foregoing Resolutions, or to cover authority included in matters authorized in the foregoing Resolutions, including forms of resolutions in connection therewith that may be required by any state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions shall be filed with the records of the meetings of the Board and certified as duly adopted thereby;

RESOLVED FURTHER, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice;

RESOLVED FURTHER, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Board;

RESOLVED FURTHER, that (a) the foregoing Resolutions may be executed and delivered electronically (including by facsimile or portable document format (pdf) transmission), (b) these Resolutions may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same instrument and (c) facsimile and other electronic copies of manually signed originals shall have the same effect as manually-signed originals and shall be binding on each Board and each Company.

## Schedule 1

**LANNETT COMPANY, INC.**
**KREMERS URBAN PHARMACEUTICALS INC.**
**CODY LABORATORIES, INC.**
**SILARX PHARMACEUTICALS, INC.**

DocuSign Envelope ID: 9912DFC7-B636-4713-8E14-6FF16976B926

IN WITNESS WHEREOF, the undersigned, being all the directors of the Board of Lannett Company, Inc., have duly executed this Omnibus Written Consent as of the date first written above.

By: _____
Name:  Timothy C. Crew

By: _____
Name:  David Drabik

By: _____
Name:  John Chapman

By: _____
Name:  Patrick G. LePore

By: _____
Name:  Melissa V. Rewolinski

[Lannett Company, Inc. - Chapter 11 Filing, Retention, Cash Collateral - Omnibus Consent]

DocuSign Envelope ID: 9912DFC7-B636-4713-8E14-6FF16976B926

IN WITNESS WHEREOF, the undersigned, being all the directors of the Board of Kremers Urban Pharmaceuticals, Inc., have duly executed this Omnibus Written Consent as of the date first written above.

By: _____
    Name:  Timothy C. Crew

By: _____
    Name:  Grant Brock

By: _____
    Name:  John Kozlowski

DocuSign Envelope ID: 9912DFC7-B636-4713-8E14-6FF16976B926

IN WITNESS WHEREOF, the undersigned, being all the directors of the Board of Cody Laboratories, Inc., have duly executed this Omnibus Written Consent as of the date first written above.

By: _____

Name:  Timothy C. Crew

By: _____

Name:  Samuel Isreal

By: _____

Name:  John Abt

DocuSign Envelope ID: 9912DFC7-B636-4713-8E14-6FF16976B926

IN WITNESS WHEREOF, the undersigned, being all the directors of the Board of Silarx Pharmaceuticals, Inc., have duly executed this Omnibus Written Consent as of the date first written above.

By: *John Kozlowski*
Name: John Kozlowski

By: *Jeffrey Miller*
Name: Jeffrey Miller

[Silarx Pharmaceuticals, Inc. - Chapter 11 Filing, Retention, Cash Collateral - Omnibus Consent]

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Silarx Pharmaceuticals, Inc. |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▮ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | 05/02/2023 | ☒ /s/ *Timothy C. Crew* |
|---|---|---|
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Timothy C. Crew** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**